*EXHIBIT A*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION** | **MDL No. 2437**<br><br>**13-MD-2437** |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | |

## [~~PROPOSED~~] PROTECTIVE ORDER

WHEREAS, the following factors that outweigh any interests of potential third parties to obtain access to discovery materials support a finding that "good cause" exists for issuing a Protective Order:   disclosure of trade secrets or other proprietary business information contained in discovery will violate the interests of the parties; no named plaintiff or defendant is a public entity or official; and the sharing of information between litigants will promote fairness and efficiency. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994);

WHEREAS, the Parties, as defined below, stipulate and agree that some of the materials to be produced and exchanged and the testimony to be given during the course of discovery may contain confidential and highly confidential information pertaining to trade secrets and other proprietary business information that could prove harmful to the Parties if disseminated or published;

Counsel for the Parties in the above-referenced action hereby submit this proposed stipulated protective order in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that such protection is afforded only to material so entitled. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), the following provisions shall govern the pretrial disclosure and use by the Parties of all documents, electronically stored information ("ESI"), testimony, and other information produced during the course of discovery.

1.    DEFINITIONS.

1.1    Party or Parties:  any named party to this action, including all of its officers, directors, and employees.  For the avoidance of any doubt, "Parties" does not include members of the proposed class other than the named plaintiffs in this action.

1.2    Disclosure or Discovery Material:  all information, regardless of the medium or manner generated, stored, or maintained (including, among other things, electronically stored information, testimony, transcripts, or tangible things), that are produced in, or created for the purpose of, disclosures or responses to discovery in this action.

1.3    "Confidential" Disclosure or Discovery Material:  Disclosure or Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c). Further, all documents and information furnished by a Party in conjunction with this litigation which contain or are derived from trade secrets or other confidential research, development, commercial or other non-public information of current commercial value may be designated CONFIDENTIAL by said party and furnished to the other parties pursuant to the terms of this Order.  The Party receiving designated Confidential Disclosure or Discovery Material shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation.

1.4    "Highly Confidential" Disclosure or Discovery Material: "Confidential" Disclosure or Discovery Material which a Party believes to be of a highly sensitive commercial nature, such as certain documents or information reflecting, containing or derived from current confidential trade secrets, research, development, pricing, production, cost, marketing or customer information, disclosure of which could create an elevated risk of commercial or

2

competitive harm, may be designated "Highly Confidential" by said Party and furnished to the other parties pursuant to the terms of this Order.

      1.5    <u>Receiving Party</u>:  a Party or non-party that receives Disclosure or Discovery Material from a Producing Party in this action.

      1.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

      1.7    <u>Designating Party</u>:  a Party or non-party that designates Disclosure or Discovery Material as "Confidential" or "Highly Confidential."

      1.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential."

      1.9    <u>Outside Counsel</u>:  attorneys, paralegals, and their litigation support personnel who are not employees of a Party, but who are retained to represent a Party in this action and whose firms have executed this Order.

      1.10    <u>In House Counsel</u>:  attorneys, paralegals, and other legal department personnel who are employees of a Party who are involved in the prosecution or defense of this Litigation.

      1.11    <u>Counsel (without qualifier)</u>:  Outside Counsel and In House Counsel (as well as their support staffs).

      1.12    <u>Expert</u>:  a person who has specialized knowledge or experience in a matter pertinent to the Litigation, including his or her employees and support personnel (including firms and their employees whose normal business includes the provision of support services to expert witnesses), who has been retained by a Party or its Counsel to serve as an

3

expert witness, or as a consultant, including without limitation a professional jury or trial consultant retained in connection with this Litigation.

      1.13   <u>Litigation Consultants/Litigation Support Personnel</u>:  consultants and other litigation support personnel who are engaged to assist in the preparation and evaluation of the case, or to provide technical or logistical support (e.g., photocopying, videotaping, transcribing oral testimony, translating, preparing exhibits or demonstrations, collecting, organizing, storing, retrieving data in any form or medium), and their employees.

      2.   <u>USE OF DISCLOSURE OR DISCOVERY MATERIAL IS LIMITED TO THIS LITIGATION</u>.  Subject to the provisions of paragraphs 9 and 10, a Receiving Party may only use Disclosure or Discovery Material that is disclosed or produced by another Party or by a non-party in connection with, and as necessary to, the preparation and trial of this action, any related appellate proceedings, or efforts to mediate or settle this action, and not for any other purposes, including without limitation any other litigation or any business, competitive, or governmental purpose or function.

      3.   <u>DESIGNATING MATERIAL</u>.  The Producing Party may designate Disclosure or Discovery Material "Confidential" or "Highly Confidential," as specified below.  The Producing Party shall apply a confidentiality designation only when that party has a reasonable, good faith belief that the information so designated constitutes "Confidential" or "Highly Confidential" material.  The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted from it, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might disclose Protected Material.

4

3.1    Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material must be designated for protection under this Order by clearly designating the material before it is disclosed or produced.

3.2    Designation Mechanics.  The designation of materials as "Confidential" or "Highly Confidential" shall be made as follows:

(a)    For produced documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the designation (*i.e.,* "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on each page that contains Protected Material.  Before production, the Producing Party must use reasonable means to determine the extent to which requested materials contain information that qualifies for protection under this Order and, before production, must affix the appropriate designation on each page of any document that contains Protected Material in accordance with this paragraph.

(b)    For written discovery responses, the Producing Party shall imprint the word(s) "Confidential" or "Highly Confidential" next to or above any response to a discovery request or on each page of a response.

(c)    For testimony given in deposition, all such testimony shall initially be deemed "Highly Confidential."  The Party or non-party who wishes to designate testimony as "Confidential" or "Highly Confidential" shall have thirty (30) days after the court reporter issues the final transcript to identify the specific portions of the testimony by page citation as to which protection is sought and to specify the level of protection being asserted (*i.e.,* "Confidential" or "Highly Confidential").  Only those portions of the testimony that are

appropriately designated for protection within the thirty (30) days shall remain covered by the provisions of this Order.

        (d)     To the extent that information is produced in a form rendering it impractical to label (including information stored in native format or other electronically stored information produced on electronic or magnetic media) ("Computerized Material"), the Producing Party may designate such material consistent with this Protective Order, by cover letter referring generally to such matter or by affixing to such media a label containing the appropriate designation (*i.e.*, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") and, if applicable, by providing the confidentiality designation as a field within the related load file. Whenever a Receiving Party reduces electronically stored information designated under this Protective Order as either Confidential or Highly Confidential to hard-copy form, the Receiving Party shall mark such hard-copy form with the appropriate designation.   Whenever any Confidential or Highly Confidential Computerized Material is copied into another form, the Receiving Party shall also mark those forms with the appropriate designation.

        (e)     To the extent that any Receiving Party or counsel for the Receiving Party creates, develops, or otherwise establishes or maintains for review on any electronic system Disclosure or Discovery Material designated Confidential or Highly Confidential, that party and/or its counsel must take all reasonable steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential or Highly Confidential Disclosure or Discovery Material, and will affix to any media containing such Disclosure or Discovery Material, such as a DVD, with a label designating the information "Confidential" or "Highly Confidential."

3.3    Inadvertent Failure to Designate.  Any Disclosure or Discovery Material produced by a Party or non-party that should have been designated Protected Material but is inadvertently produced without a designation may subsequently be designated as Protected Material.  Any party that seeks to so designate Disclosure or Discovery Material already produced must, within twenty days (20) days after discovering the inadvertent production, provide, at its own expense, substitute Disclosure or Discovery Material bearing the designation "Confidential" or "Highly Confidential."  Upon receipt of the substituted Disclosure or Discovery Material, each Receiving Party must return or destroy all copies of the undesignated Disclosure or Discovery Material and confirm, in a letter to Outside Counsel for the Producing Party, that it has done so, except where the Disclosure or Discovery Material already has been submitted to the Court (with or without being placed under seal), is introduced at a hearing without protections or has been marked as an exhibit at a deposition. In case of a document that has been marked as an exhibit at a deposition, each Receiving Party must note the appropriate designation on the exhibit in lieu of destroying the exhibit.

3.4    Inadvertent production.    Inadvertent production of any document produced in response to discovery requests in this action by any Party or non-party, that a Party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection. A Party or non-party may request the return of any document ("Notice of Recall") that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production, within ten (10) business days

7

of discovery of the inadvertent production.  The procedure for handling Inadvertently Produced

Privileged Documents shall be as follows:

(a)     Upon receipt of the Notice of Recall, the Receiving Party must

within ten (10) business days either (1) return or destroy the recalled document(s) and refrain

from reviewing the same for any purpose, or (2) if the documents recalled have already been

reviewed and the Receiving Party has a good faith basis to challenge the validity of the claim

of privilege, inform the Producing Party in writing that the Receiving Party intends to

challenge the privilege claim.  If the privilege claim is being challenged, counsel may maintain

copies of the recalled documents and any related work product only for the purposes of

determining whether to file a motion to challenge the claim of privilege and for challenging the

claim of privilege by motion and may retain those copies pending the resolution of any dispute

as to the recalled documents.

(b)     Within ten (10) business days of advising the Producing Party

that the Receiving Party intends to challenge the privilege designation, the Receiving Party

may request a meet and confer to discuss the appropriateness of the privilege claim.  If the

Receiving Party does not request a meet and confer within the allotted time period, it waives

any right to challenge the privilege claim and must certify destruction of the document as set

forth in subparagraph (g) below.

(c)     If the Receiving Party requests a meet and confer to discuss the

assertion of privilege, the parties shall meet promptly and, in no case, later than five (5)

business days after Receiving Party's request for a meet and confer.

(d)     If, after compliance with the foregoing steps (a) through (c), the

Receiving Party concludes that it disputes the validity of the claim of privilege, it shall

8

promptly notify the Producing Party in writing. The Receiving Party may attach the recalled document(s) for in camera review with its motion, which, absent agreement of the parties or order of the Court, must be filed within ten (10) business days of the written notification. Unless otherwise agreed by the parties or ordered by the Court, all such motions shall be made on notice, with briefing schedule and page limits agreed by the parties or set by the Court. This Order shall not be construed as affecting which Party bears the burden of showing that the privilege applies to any document(s). If the Receiving Party does not file a motion within the 10-day period after notification, the Receiving Party must certify destruction of the recalled document no later than ten (10) business days after the expiration of the 10-day period.

        (e)    Unless the Receiving Party's motion to compel is successful or the privilege claim is withdrawn, the Receiving Party may make no use of a recalled document or any work product referring to the information contained in any recalled document for any purpose other than challenging claims of privilege.

        (f)    If the recall of a document is made during the taking of a deposition or shortly before the occurrence of a deposition, the examining counsel and defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this protocol and the Protective Order. In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if examining counsel and defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary.

        (g)    Within ten (10) business days of a Receiving Party's obligation to destroy, its failure to timely challenge a claim of privilege as provided herein, its withdrawal of

such a challenge, or an Order of the Court denying the Receiving Party's motion to compel, the Receiving Party shall destroy and delete all copies, paper or electronic, of the information and document, purge the information and document from any work product, and certify in writing that these tasks have been completed.

(h)     If a Receiving Party reasonably believes in good faith that a Producing Party has inadvertently produced privileged documents, the Receiving Party will notify the Producing Party of such inadvertent production within ten (10) business days of the Receiving Party's discovery of such production.

4.     ACCESS TO AND USE OF PROTECTED MATERIAL

4.1     Disclosure of Confidential Information.  Unless otherwise ordered by the Court or permitted in writing by each Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated as "Confidential" only:

(a)     to the Receiving Party's Outside Counsel;

(b)     to the Receiving Party's In House Counsel who has signed the "Agreement to Be Bound by Protective Order" (Exhibit "A");

(c)     to any Expert or Consultant engaged for purposes of this litigation who has signed the "Agreement to Be Bound by Protective Order" (Exhibit "A");

(d)     to the Court and its personnel in this action, and any relevant appellate court in the event that any appeal is taken in this action;

(e)     to court reporters, their staffs, and Litigation Consultants/Litigation Support Personnel;

10

(f)     to persons identified in a document designated as Confidential as an author of the document in part or in whole, or persons to whom a copy of such document was sent prior to its production in this action;

(g)     to any person who is identified or referenced in the document or whose conduct is purported to be identified or referenced in the document, provided that the disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced;

(h)     to any person who is a current employee, officer or director of the Producing Party;

(i)     to former employees of the Producing Party at deposition if such former employees are believed in good faith to have prior knowledge of the "Confidential" information to be disclosed;

(j)     to deponents (including persons whose depositions have been noticed but not yet taken), trial or hearing witnesses and their counsel, in preparation for and/or during deposition, trial or pretrial hearings in this Litigation, provided that (i) counsel for the party intending to disclose "Confidential" information has a good-faith basis for believing that the deponent or witness has prior knowledge of such "Confidential" information; (ii) the disclosure to such person is limited to that portion of the document containing such "Confidential" information; and (iii) such individuals are first advised that a Protective Order has been entered in this case restricting the disclosure of protected material for any purpose other than their testimony in this matter; and

(k)     to any other person that the Designating Party has agreed to in advance.  If a Designating Party does not agree to a request to disclose material designated as

11

"Confidential" to a person not listed in this paragraph, the party making such request may seek a modification of this Order upon a showing of good cause to permit such disclosure. Until such application is decided, the material shall continue to be treated as designated.

      4.2   <u>Disclosure of "Highly Confidential" Information</u>. Unless otherwise ordered by the Court or permitted in writing by each Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "Highly Confidential" only:

      (a)   to the Receiving Party's Outside Counsel;

      (b)   to any Expert or Consultant engaged for purposes of this Litigation who has signed the "Agreement to Be Bound by Protective Order" (Exhibit "A");

      (c)   to the Court and its personnel in this action and any relevant appellate court in the event that any appeal is taken in this action;

      (d)   to court reporters, their staffs, and Litigation Consultants/Litigation Support Personnel;

      (e)   to current employees, officers, and directors of the Producing Party;

      (f)   to persons identified as an author of the document in part or in whole, or to persons to whom a copy of such document was sent prior to its production in this action;

      (g)   to former employees of the Producing Party at deposition if counsel for the Party intending to disclose the "Highly Confidential" information believes in good faith that the deponent has prior knowledge of the specific "Highly Confidential" information to be disclosed based upon (i) the contents of the "Highly Confidential"

information; (ii) testimony of the witness or other witnesses; (iii) other discovery produced in this Litigation; (iv) counsel's investigation in this case; or (v) publicly available information;

(h)      to any person expressly identified or referenced in the document or whose conduct is purported to be identified or referenced in the document, provided that the disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and

(i) to deponents, trial or hearing witnesses and their counsel, during deposition, trial or pretrial hearings in this litigation, provided that (i) counsel for the party intending to disclose such information has a good-faith basis (as set forth in subparagraph (g) above) for believing that the deponent or witness has prior knowledge of such information; (ii) the disclosure to such person is limited to that portion of the document containing such information; and (iii) such individuals are first advised that a Protective Order has been entered in this case restricting the disclosure of protected material for any purpose other than their testimony in this matter; and

(j)      to any other person that the Designating Party  has agreed to in advance.  If a Designating Party does not agree to a request to disclose material designated as "Highly Confidential" to a person not listed in this paragraph, the party making such request may seek a modification of this Order upon a showing of good cause to permit such disclosure.  Until such application is decided, the material shall continue to be treated as designated.

4.3      Advice of Counsel.  This Order shall not bar any attorney in the course of rendering advice to his or her client with respect to this Litigation from conveying to any party client his or her evaluation in a general way of Confidential or Highly Confidential Information produced or exchanged herein; provided, however that in rendering such advice and otherwise

13

communicating with his or her client, the attorney shall not disclose the specific contents of any Confidential or Highly Confidential Information if such disclosure would be contrary to the terms of this Order.

    4.4    <u>Filing Protected Material</u>.  Any document that is filed with the Court that reveals or discloses any Protected Material, unless the Parties otherwise agree in writing or the Court otherwise orders, shall be submitted under seal.

    5.    <u>RESPONSIBILITY FOR COMPLIANCE</u>.  The Receiving Party's Counsel who discloses "Confidential" or "Highly Confidential" information shall be responsible for assuring compliance with the terms of this Order with respect to persons to whom such "Confidential" or "Highly Confidential" information is disclosed, and shall obtain and retain the original Agreements to Be Bound by Protective Order (Exhibit "A") executed by qualified recipients of "Confidential" or "Highly Confidential" information (if such execution was required by the terms of this Order).  Persons who come into contact with "Confidential" or "Highly Confidential" material only for clerical, administrative, stenographic, or court reporting purposes are not required to execute the Agreement to Be Bound by Protective Order (Exhibit "A").  If it comes to a Designating Party's attention that any materials that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or amending the designation.

    6.    <u>CHALLENGES TO DESIGNATION</u>.  Entry of this Order shall be without prejudice to any Party's motion for relief from or modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any Disclosure or Discovery Material.  If a Party disagrees with a Designating Party's designation of Disclosure or

14

Discovery Material as "Confidential" or "Highly Confidential" the Party contesting the designation shall provide to the Designating Party, through its counsel, written notice of its disagreement. Such an objection can be made at any time. The Designating Party or its counsel shall respond to the objection in writing within 15 business days of its receipt of such written objection by either (i) agreeing to remove the designation; or (ii) stating reasons supporting the designation. If the Designating Party fails to so respond within 15 business days, the objecting party may subsequently treat the contested Disclosure or Discovery Material as non-protected. If the objecting party and the Designating Party are unable to agree upon the terms and conditions of disclosure for the Disclosure or Discovery Material at issue, the objecting party may seek resolution of the issue with the Court. This Order shall not be construed as affecting which Party bears the burden of showing good cause for the requested protection. Pending the resolution of the disputed designation, the Disclosure or Discovery Material at issue shall continue to be treated in accordance with the Designating Party's designation of "Confidential" or "Highly Confidential" unless and until differing treatment is directed pursuant to order of the Court or by subsequent resolution of the dispute by the Designating and objecting Party.

In the event that the Court orders that the challenged material is not properly designated, the Designating Party shall reproduce copies of all materials with their designations removed or amended in accordance with the ruling within thirty (30) business days or within the time set by the Court at the expense of the Designating Party.

7.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED.</u> If a Receiving Party is served with a subpoena or an order is issued in separate litigation, or other form of compulsory process that would compel disclosure of any Protected Material, the

15

Receiving Party must so notify the Designating Party, in writing immediately and in no event more than five (5) business days after receiving the subpoena, order or other form of compulsory process, and shall, to the extent permitted by law, withhold production until any dispute relating to the production of such material is resolved.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.   If a Receiving Party learns that it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, immediately and in no event more than seven (7) business days of learning of such disclosure, (a) notify in writing the Producing Party and, if different, the Designating Party of the unauthorized disclosures and all pertinent facts relating to such disclosures, (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information, (c) use its best reasonable efforts to retrieve all copies of the Protected Material, (d) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (e) request such person or persons to execute the "Agreement to Be Bound by Protective Order" (Exhibit "A").

9.    USE AND DISCLOSURE OF INDEPENDENTLY OBTAINED INFORMATION.  Nothing herein shall impose any restriction on the use or disclosure by a Party or its agent of its own information, or of publicly available information, or of information lawfully available to that Party, or of information that lawfully came into the possession of the Party independent of any disclosure of Disclosure or Discovery Material in this Litigation and without any corresponding confidentiality obligation.

10.    PRE-TRIAL APPLICATION ONLY.   This Order shall apply to pre-trial proceedings in this Litigation and shall have no application at trial. The Parties agree to confer

in good faith on a protective order to govern during trial in this Litigation. This Order, however, shall remain in effect until such time as an order to govern trial proceedings is entered. Should the Producing or Designating Party believe any document warrants protection beyond that described above, the Parties and impacted non-parties shall confer with respect to the treatment of that specific document.

11.   THIRD PARTIES. The terms of this Order are applicable to information produced by third parties in this action and designated as "Confidential" or "Highly Confidential." The Parties, in conducting discovery from third parties, shall attach to such discovery requests, subpoenas, or other discovery a copy of this Protective Order so as to apprise such third parties of their rights herein.

12.   DURATION OF ORDER/RETURN OF CONFIDENTIAL INFORMATION. All provisions of this Order restricting the use of "Confidential" or "Highly Confidential" Disclosure or Discovery Material shall continue to be binding after the conclusion of this Litigation, unless otherwise agreed or ordered by the Court. Within sixty (60) days of the conclusion of the Litigation (whether by entry of a final order of dismissal, judgment, settlement, or disposition on appeal, or otherwise), the Receiving Party shall either return or destroy the Confidential or Highly Confidential Material. Whether the Disclosure or Discovery Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline confirming that the Disclosure or Discovery Material was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Disclosure or Discovery Material (except as provided herein); provided, however, that counsel

17

may retain their attorney work product, all filed documents or pleadings and copies of any deposition transcripts and exhibits, but such retained material shall remain subject to the terms of this Order.

13.     FUTURE PARTIES.  The terms of this Order shall be binding upon all current and future parties to this Litigation and their counsel.  Within ten (10) business days of (i) the entry of appearance by a new party to this Litigation; (ii) the transfer of a tagalong action to this Court pursuant to the rules of procedure of the JPML; or (iii) notification of the filing in this District of a complaint that arises out of the same or substantially similar facts alleged in the Consolidated Amended Complaint, Plaintiffs' Lead Counsel shall promptly serve a copy of this Protective Order on counsel for any new plaintiff, and Liaison Counsel for Defendants shall promptly serve a copy of this Protective Order on counsel for any new defendant.

14.     JURISDICTION.   The Court retains jurisdiction to enforce the terms and conditions of this Order in the event that the Litigation concludes before trial and no additional confidentiality order is entered governing the proceedings as contemplated by paragraph 10.

15.  NO ADMISSION. A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

16.     NO APPLICATION IN COURT PROCEEDINGS. Nothing in this Order shall limit the use of protected materials in court proceedings.

IT IS SO STIPULATED.

Dated: July 29, 2013

18

/s Ruthanne Gordon
BERGER & MONTAGUE, P.C.
H. Laddie Montague, Jr.
Eric L. Cramer
Ruthanne Gordon
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
rgordon@bm.net

Liaison Counsel and Co-Lead Counsel for
Direct Purchaser Plaintiffs

/s Kit A. Pierson
COHEN MILSTEIN SELLERS & TOLL
PLLC
Kit A. Pierson
Richard A. Koffman
Brent W. Johnson
1100 New York Ave., NW
Suite 500 West
Washington, DC 20005
Phone: (202) 408-4600
kpierson@cohenmilstein.com
rkoffman@cohenmilsten.com
bjohnson@cohenmilstein.com

Co-Lead Counsel for Direct Purchaser
Plaintiffs

/s Eugene A. Spector
SPECTOR ROSEMAN KODROFF &
WILLIS, P.C.
Jeffrey J. Corrigan
J. S. Cohen
1818 Market Street, Suite 2500
Philadelphia, PA 191013
Phone: (215) 496-0300
espector@srkw-law.com
jcorrigan@@srkw-law.com
jochen@srkw-law.com

Co-Lead Counsel for Direct Purchaser
Plaintiffs

/s Steven E. Bizar
BUCHANAN INGERSOLL & ROONEY PC
Steven E. Bizar
Two Liberty Place
50 South 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Phone: (215) 665-3826
Fax: (215) 665-8760
steven.bizar@bipc.com

Counsel for New NGC, Inc. and
Liaison Counsel for Defendants

/s Everett J. Bowman
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Phone: 704-377-8329
ebowman@rbh.com

Counsel for New NGC, Inc.

/s David L. Hanselman
McDERMOTT WILL & EMERY LLP
David Marx, Jr.
David L. Hanselman
227 West Monroe Street
Chicago, IL 60606
Phone: (312) 372-2000
Fax: (312) 984-7700
dhanselman@mwe.com

Counsel for American Gypsum Company
LLC

/s Lesley E. Weaver
GREEN & NOBLIN, P.C.
Robert S. Green
James Robert Noblin
Lesley E. Weaver
700 Larkspur Landing Circle, Suite 275
Larkspur, CA 94939
Phone: (415) 477-6700
Fax: (415) 477-6710
rsg@classcounsel.com
jrn@classcounsel.com
lew@classcounsel.com

Co-Lead Counsel for Indirect Purchaser
Plaintiffs

/s Mark W. Nelson
CLEARY GOTTLIEB STEEN &
HAMILTON, LLP
Mark W. Nelson
2000 Pennsylvania Ave., NW
Washington, DC 20006
Phone: (202) 974-1500

Counsel for Lafarge North America Inc.

/s Whitney E. Street
BLOCK & LEVITON, LLP
Jeffrey C. Block
Whitney E. Street
155 Federal Street, Suite 1303
Boston, MA  02110
Phone:  (617) 398-5600
Fax:  (617) 507-6020
jblock@blockesq.com
wstreet@blockesq.com

Co-Lead Counsel for Indirect Purchaser
Plaintiffs

/s Leslie E. John
BALLARD SPAHR LLP
1735 Market Street
Philadelphia, PA 19103
Phone: (215) 864-8212
Fax: (215) 864-8999
john@ballardspahr.com

Counsel for Lafarge North America Inc.

/s Michael G. McLellaan
FINKELSTEIN THOMPSON LLP
Douglas G. Thompson, Jr.
Michael G. McLellan
L. Kendall Satterfield
Eugene J. Benick
1077 30th Street NW, Suite 150
Washington, DC  20007
Phone:  202-337-8000
Fax:  202-337-8090
dthomspon@finkelsteinthompson.com
mmclellan@finkelsteinthompson.com
ksatterfield@finkelsteinthompson.com
ebeneck@finkelsteinthompson.com

Co-Lead Counsel for Indirect Purchaser
Plaintiffs

/s James T. McKeown
FOLEY & LARDNER LLP
James T. McKeown
777 E. Wisconsin Ave., Suite 3800
Milwaukee, WI 53202
Tel: (414) 271-2400
Fax: (414) 297-4900
jmckeown@foley.com

Counsel for TIN Inc.

/s Edward G. Biester, II
DUANE MORRIS LLP
Edward G. Biester, III
30 South 17th Street Philadelphia, PA  19103-
4196
(215) 979-1162
egbiester@duanemorris.com

Counsel for TIN Inc.

/s Rebecca Weinstein Bacon
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
Rebecca Weinstein Bacon
Courthouse Place
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Phone: (312) 494-4458
Fax: (312) 494-4440
rweinstein.bacon@bartlit-beck.com

Counsel for USG Corporation, United States
Gypsum Company, & L&W Supply
Corporation

/s/ Peter J. Carney
WHITE & CASE LLP
Peter J. Carney
701 Thirteenth Street, NW
Washington, DC 20005
Phone: (202) 626-3609
pcarney@whitecase.com

Counsel for CertainTeed Corporation

/s Bradley C. Weber
LOCKE LORD LLP
Bradley C. Weber
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
Phone: (214) 740-8497
bweber@lockelord.com

Counsel for PABCO Building Products, LLC

**GOOD CAUSE APPEARING THEREFORE, THE FOREGOING IS SO ORDERED.**

Dated: _____, 2013

_____
Honorable Michael M. Baylson
United States District Judge

22

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION** | **MDL No. 2437**<br><br>**13-MD-2437** |
| **THIS DOCUMENT RELATES TO:<br>ALL ACTIONS** | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, acknowledge and agree that I have received and read

a copy of the attached Protective Order. I understand the terms of this Order and agree to

comply with and be bound by this Order. I also agree to be subject to the Court's jurisdiction for

enforcement of the Order and understand that the Court may impose sanctions for any violation

of the Order, including punishment for contempt of Court.

Dated this ____ day of _____, _____.

_____
Name (Print)

_____
Company

_____
Title

_____
Address

_____
Signature

KAL5729971