IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION<br><br>HOME DEPOT U.S.A., INC.<br><br>v.<br><br>LAFARGE NORTH AMERICA INC. | CIVIL ACTION<br><br>MDL No. 13-2437<br><br>Case No. 18-cv-5305 |

MEMORANDUM RE: MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL

**Baylson, J.**                                                                    **November 5, 2021**

Plaintiff, Home Depot U.S.A., Inc. ("Home Depot"), filed a Motion for Certification under 28 U.S.C. § 1292(b). (ECF. No. 142). Home Depot requests this Court certify for appeal its August 20, 2021 Order—which granted Defendant Lafarge North America, Inc.'s ("Lafarge") *Daubert* motion to exclude an economic expert retained by Home Depot—so Home Depot may petition the Third Circuit Court of Appeals for permission to appeal.

I.     **BACKGROUND**

This Court's Memorandum & Order (ECF No. 136) fully sets forth the factual background and the reasons upon which this Court relied to justify its exclusion of Dr. Kneuper as Home Depot's expert economist. The rulings this Court made in its Order will not be repeated because they are well stated in the Memorandum Opinion (ECF No. 136), and the present Motion filed by Home Depot (ECF No. 142), Lafarge's Response (ECF No. 143), and Home Depot's Reply Brief (ECF No. 144) accurately describe the unique procedural history.

Briefly though, this Court excluded Home Depot's for several reasons, two of which were: (i) because Dr. Robert Kneuper improperly based his expert opinions on conclusions that were

contrary to findings and rulings this Court had made earlier in this multidistrict litigation; and (ii)

because he relied on facts that were not established in the prior proceedings, and in some instances

on facts that were contrary to other established facts.  Although Dr. Kneuper's ultimate conclusions

superficially appeared to be the usual and normal opinions of an economist appearing for a plaintiff

in an antitrust case, the reasons he gave for these conclusions took him out of the realm of

economics, and as this Court noted in its Memorandum Opinion, Dr. Kneuper turned himself into

a "attorney-juror-judge."

The litigation history of this case is relevant.  Home Depot had been a class member

participating in a large settlement which was finalized before Home Depot filed its complaint in

the Northern District of Georgia on June 11, 2018.  Home Depot opted out of this class, but only

did so as to Lafarge only; it remained apart of the class as to all the remaining defendants.  Then,

Home Depot filed the present action against Lafarge, and it was transferred to the undersigned by

the Judicial Panel of Multidistrict Litigation ("JPML") on December 10, 2018.  Once this case was

transferred to this Court, Home Depot did very little, and nothing of significance, to initiate any

discovery of its own although there was no bar to it doing so. [1]

As stated in its Memorandum Opinion, there is little if any precedent for the Court's

decision to rely on its prior rulings in this MDL to strike Dr. Kneuper's expert opinions.  Although

this Court disagrees with Home Depot's argument that its Order was incorrect[2], Home Depot does

---

[1] Home Depot did not initiate any discovery to secure facts that Georgia Pacific, U.S. Gypsum, and CertainTeed were members of the conspiracy.  Strategically, it is possible Home Depot did not seek this discovery because it decided it could use Dr. Kneuper's report to assume facts about these three entities, without going through the expense of actually presenting facts to allow this Court to make such an inference.

[2] See Multidistrict Litig. Man. § 9:3, Status of transferor court rulings ("The Panel [] recognizes that orders made in one of the transferred cases may be made applicable to other parties and actions by the transferee judge.").

2

correctly recognize the novelty of this Court's Order, particularly within the context of multidistrict antitrust litigation ("MDL"). Home Depot is also correct that the issues decided by this Court were controlling issues of law, that substantial ground for difference of opinion on those issues exists, and that an appellate decision will likely advance the termination of this litigation. For the foregoing reasons, Home Depot's Motion will be GRANTED.

## II.   **DISCUSSION**

28 U.S.C. § 1292(b) sets out a three-part test for certification for interlocutory appeal:

(1) Whether the motion to be appealed involves a controlling question of law;
(2) Whether there is a substantial ground for the difference of opinion with respect to resolution of the issue to be appealed; and
(3) Whether an immediate appeal from the district court's decision could materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b).

### A.   **The Court's Order Decided a Controlling Question of Law**

This Court decided an issue that is a controlling issue of law in this litigation: that Home Depot is bound by the rulings this Court made before Home Depot's present action was transferred to this Court.

First, the Court relied on principles of "issue-preclusion" and "law of the case" to justify its conclusion that Home Depot, and its expert economist Dr. Kneuper, were bound by rulings entered in this MDL before Home Depot's case was transferred to this Court in 2018. Whether Home Depot is indeed bound by rulings issued in this MDL before Home Depot joined it in 2018, as this Court held it was, is one issue that will absolutely control future proceedings in this case.

Home Depot argues this Court's rulings that were issued before Home Depot transferred into this MDL should not apply, and accordingly, that this Court had no right to rely on principles of "issue preclusion" and "law of the case" when ruling on the Dr. Kneuper *Daubert* motion.

Home Depot is correct that this Court relied extensively on these two legal principles when it

excluded Dr. Kneuper.  Both "issue preclusion" and "law of the case" principles can play an

important role in traditional pretrial proceedings in complex commercial litigation, and this is

especially true when courts decide important issues during those proceedings.

Although this Court believes it had the right to rely on principles of "issue preclusion" and

"law of the case", for the reasons set forth in its Memorandum Opinion, this Court's Order decided

this controlling issue of law and which will directly affect the trajectory of this case.  This Court's

Order will affect both the upcoming decision on Lafarge's pending Motion for Summary Judgment

(ECF No. 82) and the proceedings after this case is transferred back to the Northern District of

Georgia for trial.[3]  Once this case is returned to the Northern District of Georgia after the

conclusion of pretrial proceedings, the trial judge may be bound by this Court's rulings.[4]  The

judge to whom this case will be assigned for trial will be totally unfamiliar with the extensive

procedural history, but will undoubtedly be affected, if not affirmatively bound, by this Court's

various rulings.  As a practical matter, it is unlikely that the judge to whom the case is assigned in

the Northern District of Georgia will undertake a completely *de novo* examination of the

procedural history and this Court's rulings.  So, this Court's Order will continue to direct impact

the case after it leaves this Court.

Therefore, the principal controlling question of law is whether a tag-along party's expert

---

[3] This case must be returned to the Northern District of Georgia once pretrial proceedings are completed in this Court.  Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Levach, 523 U.S. 26 (1998).

[4] See Multidistrict Litig. Man. § 9:3, Status of transferor court rulings ("The transferor court's orders are not treated as law of the case.  They may be reviewed by the transferee court [under the highly deferential standards of the law of the case doctrine].  In this regard, the transferee court is given somewhat broader powers than the transferor court, for the transferor court is bound, upon remand, by the orders entered by the transferee court during the coordinated or consolidated pretrial proceedings.  Those decisions are considered law of the case.") (emphasis added).

may ignore prior rulings that were issued by the MDL transferee judge before the tag-along party joined said MDL?  This question is not raised by normal cases where all parties are present from the very start of the case, and this question warrants Third Circuit review.

**B.**       **There is Substantial Ground for Difference of Opinion**

Home Depot relies extensively on In re TMI Litig., 193 F.3d 613 (3d Cir. 1999), amended, 199 F.3d 158 (3d Cir. 2000).  In TMI, the Third Circuit decided the case based on its interpretation of Fed. R. Civ. P. 42(a), which allows for consolidation, but different consolidation from that which is allowed under 28 U.S.C. § 1407.  Although, the TMI Court did discuss "issue preclusion" in the context of collateral estoppel, it ultimately ruled that a summary judgment issued against one group of plaintiffs could not be applied to a different group of plaintiffs because the different group never had the opportunity to litigate their claims and never had the "opportunity to object to the defendants' motion for summary judgment or otherwise protect their substantive claims." In re TMI Litig., 193 F.3d 613, 724 (3d Cir. 1999), amended, 199 F.3d 158 (3d Cir. 2000).  Because that different group of plaintiffs never had the opportunity to be heard on summary judgment, "issue preclusion" and "law of the case" could not be used to apply summary judgment to them. Id.

This Court acknowledges that although some language in TMI supports Home Depot's position, its procedural history is considerably different from the present action.  TMI was not a class action, and its decision was heavily predicated on the fact that the different group of plaintiffs never had the opportunity to be heard on the earlier summary judgment.  Home Depot *did* have this opportunity to be heard as part of a class but chose instead to opt-out as to Lafarge and file its own action.

Home Depot's delayed filing triggers this unique procedural situation that the undersigned

believes the Third Circuit should review: whether Home Depot's decisions to opt-out of the class settlement as to Lafarge and to delay filing its own lawsuit until 2018 shield it from "issue preclusion" and "law of the case" applicability. Regardless of the differences between TMI and the present action, this Court believes the TMI decision demonstrates a difference of opinion regarding "issue preclusion" and "law of the case" applicability in an MDL.

In its Memorandum Opinion, this Court relied on Phila. Housing Auth. v. Am. Radiator & Standard Sanitary Corp., 323 F. Supp. 381 (E.D. Pa. 1970). Once again, this decision is not factually analogous, but it provides a ruling contradictory to that of TMI. The Philadelphia Housing Court determined it *was* appropriate to apply one summary judgment decision in the MDL to another case in the same MDL containing a different a group of plaintiffs. The Court held "an earlier decision by this Court in this very same multidistrict litigation, Mangano, establishes the law of this case." Philadelphia House Auth. v. Am. Radiator & Standard Sanitary Corp., 323 F. Supp. 381, 385 (E.D. Pa. 1970). This decision supports Home Depot's argument that substantial ground for difference of opinion regarding "law of the case" applicability exists.

Home Depot also relied on In re Nissan Motor Corp. Antitrust Litig.. 471 F. Supp. 754 (S.D. Fla. 1979) to support its position. In this case, the Court granted summary judgment against class action plaintiffs after a jury found no nationwide price-fixing conspiracy existed between the defendants. Id. at 756. After their success on the class-action summary judgment, defendants then moved for summary judgment against the non-class plaintiffs in the MDL's remaining statewide actions. The Court did not apply the class-action summary judgment to the non-class plaintiffs because it determined the two cases were essentially separate, so collateral estoppel principles made application of the Court's earlier summary judgment ruling to the non-class plaintiffs improper. Id. at 757–78. Therefore, In re Nissan expresses an opposite result from that of

6

Philadelphia Housing, again reinforcing the existence of a substantial ground for difference of opinion on the issue of prior rulings' applicability to parties joining MDLs later.

      **C.**      **An Immediate Appeal of this Court's Order Will Materially Advance Termination of this Litigation**

This Court believes that the Third Circuit undertaking an interlocutory review of this Court's Order will, in the language of 1292(b), "materially advance the termination of the litigation" for three reasons. First, it will directly impact this Court's ruling on Lafarge's pending motion for summary judgment. Second, it will directly impact the trial judge's management of this case after transfer. Once this case is returned to the Northern District of Georgia, this Court's application of "issue preclusion" and "law of the case" principles may, unless reversed by the Third Circuit if Home Depot's appeal is successful, impact the expert opinions and legal issues to be presented at trial.[5] And third, Third Circuit review of this Court's Order will also undoubtedly affect settlement discussions.

Although the undersigned understands granting this Appeal will result in some delay in pretrial proceedings, it will advance the ultimate termination of this case. The discovery in this case is entirely concluded. The Court's Memorandum Opinion details extensive pretrial proceedings, many of which were held before Home Depot filed its case in the Northern District of Georgia. This Court has no knowledge of why Home Depot delayed its filing and posits that perhaps its delay was strategic. Regardless, a Third Circuit decision will expedite this case's termination by streamlining this Court's analysis of Lafarge's pending summary judgment motion, by narrowing evidentiary issues and the number of experts who may testify at trial,[6] and by

---

[5] This case must be returned to the Northern District of Georgia once pretrial proceedings are completed in this Court. Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Levach, 523 U.S. 26 (1998).

[6] This Court is aware that Home Depot, pursuant to this Court's Order striking Dr. Kneuper's

impacting the parties' settlement discussions.

### D.     Additional Reasons to Allow this Appeal

#### 1.     Home Depot's Strategy and Arguments Present Serious Procedural Implications

Home Depot argues this Court's rulings that were issued before Home Depot transferred into this MDL should not apply, and accordingly, that this Court had no right to rely on principles of "issue preclusion" and "law of the case" when ruling on the Dr. Kneuper *Daubert* motion.

This case is markedly different from others for several reasons. First, Home Depot had notice and the opportunity to be heard through the class-action, so due process concerns are not at issue. But then, Home Depot chose to opt out of that class *only as to Lafarge*, so it remained bound by this Court's MDL decisions as to all the remaining defendants. Second, after it opted out and filed the present action against only Lafarge, Home Depot's case was transferred to this Court *after* it made certain MDL pretrial rulings. Once Home Depot was before this Court again, it presented expert opinions in direct contravention to earlier rulings.

Home Depot's strategy presents serious implications. If the Third Circuit affirms this Court's Order, judges and parties will know MDL litigants can be bound by rulings issued prior to their entry into the MDL.

#### 2.     Multidistrict Litigation is Vast

The growth of multidistrict ligation is a practical factor warranting Third Circuit appellate review of this Court's Order. According to all accounts cited in Home Depot's Motion, cases

---

opinion and granting Home Depot leave to submit a new report within sixty (60) days, served a new report on counsel for Lafarge. (See ECF No. 145.) However, this Court has not reviewed that new report. Regardless, this Court notes that this event should not obviate the propriety of an interlocutory appeal because the Court's Memorandum Opinion, for which Home Depot seeks certification for interlocutory appeal, severely and substantively limited Dr. Kneuper's ability to rely on his own opinions about this case.

within MDLs constitute more than half of all federal civil litigation, so there is a need for additional

guidance from appellate courts on the contours of "issue preclusion" and "law of the case"

applicability not only to various cases within the same MDL, but also specifically in terms of the

applicability of these principles to parties like Home Depot—tag-along parties who first opted out

of a class as to one defendant, but who later joined the MDL, and then presented experts opinions

in contravention to MDL rulings entered before they joined.

3.      A Transferee Judge's Pretrial Rulings Have Immense Impact on the Entire
        Life of the MDL

As Judges Rendell and Scirica of this Court undoubtedly know, having served on the JPML

by appointment by the Chief Justice, the rulings a single transferee judge makes during MDL

consolidation can have tremendous impact on hundreds, and sometimes thousands, of separate

cases.  This is the responsibility of the transferee judge, yet there does not appear to be any

appellate guidance[7] on whether the transferee judge's earlier MDL holdings are binding on tag-

along plaintiffs, particularly in the expert opinion area, under the doctrines of "issue preclusion"

and/or "law of the case."  This apparent lack of appellate guidance is especially needed in the

procedural context raised by this case: not only is Home Depot a tag-along plaintiff, but Home

Depot previously had the opportunity to be bound by rulings of this Court as part of the class-

action plaintiffs' MDL, but instead chose to opt-out only as to Lafarge and then filed the present

action; Home Depot essentially skirted earlier MDL rulings, but then joined the MDL later and

---

[7] The impact of the rulings by a MDL transferee judge have been the subject of law review articles cited by Home Depot, however, there does not appear to be any appellate decisions clearly addressing the legal propriety a transferee judge's decision similar to the one made by this Court. See Joan Steinman's Law of the Case: A Judicial Puzzle in Consolidated and Transferred Cases and in Multidistrict Litigation, 135 U. Pa. L. Rev. 595, 697-99 (1987) (generally discussing both the issues transferee judges considering tag-along cases face and the issues presented by cases that apply "law of the case principles", Ms. Steinman suggests stare decisis is preferable to "law of the case" in these MDL situations).

argued those rulings it had the opportunity to be heard during but chose not to be, should not bind

them or their proposed expert.

### 4.    A Third Circuit Decision Will Maximize Judicial Economy

There is no question that MDL proceedings maximize judicial economy by consolidating

similar cases before a similar judge.  The undersigned believes that it would also be very valuable

to attorneys practicing in MDL proceedings, and also to the transferee judges, to have an appellate

ruling on the issues presented by this appeal, particularly because they concern expert testimony.

In complex commercial litigation, which is among the most frequently consolidated type of case

under 28 U.S.C. § 1407, experts play a major role.  MDL transferee judges would find it very

valuable to have an appellate court ruling deciding whether prior proceedings and judicial holdings

in an MDL, issued before the receipt of a late "tag-along" case, may be binding on the new arrival.

And, while 28 U.S.C. § 1292(b) clearly sets forth the three-part test for certification for

interlocutory appeal, a Third Circuit decision on the issues presented by this appeal may minimize

the need for interlocutory appellate practice in the future.  Although the undersigned recognizes

its ruling is procedurally unique, the fact remains that *many* transferee courts are faced with the

issue of "law of the case" applicability to various parties.  Interlocutory appeal is presently the

only procedural mechanism available to MDL litigants seeking review of transferee courts' "issue

preclusion" and/or "law of the case" decisions.  If transferee judges had Third Circuit guidance on

this issue, fewer interlocutory appeals may be sought by litigants, fewer appeals may be certified

by transferee courts, and thus fewer stays may be implemented.  With fewer MDLs stayed pending

interlocutory appeal, the judicial economy MDLs were designed to maximize can be restored.

**E.    Recent Third Circuit Decisions in MDL Cases Applying "Law of the Case" Principles**

Although not cited by the parties, this Court notes for the benefit of the Third Circuit its

prior decision In re Asbestos Products Liability Litig. (No. VI), 921 F. 3d 98, 106–107 (3d Cir. 2019). This decision analyzed a waiver of personal jurisdiction argument. The Third Circuit reversed on abuse of discretion grounds a decision by District Judge Robreno issued in a very complicated asbestos litigation (see In re Asbestos Prod. v. Coffin Turbo Pump, et al., 2:02-md-00875) in which he was the MDL transferee judge. This Court brings In re Asbestos to the attention of the Third Circuit, not because it is substantively analogous to the issues presented here, but because it shows that the Third Circuit, in other situations, weighed in on decisions by an MDL transferee judge in the midst of ongoing MDL proceedings.

In addition, this Court brings In re Pharm. Benefit Managers Antitrust Litig., 582 F.3d 432, 439–42 (3d Cir. 2009) to the attention of the Third Circuit. In this case, Judge Robreno of this Court entered an order concerning arbitrability. Subsequently, the case was transferred for pretrial proceedings under U.S.C. § 1407 to Judge Fullam, a former Judge of this Court, who reversed Judge Robreno's Order. On Appeal, without noting whether there was appellate jurisdiction, the Court ruled that Judge Fullam's Order must be reversed because Judge Robreno's decision was "the law of the case." In re Pharm. Benefit Managers Antitrust Litig. 582 F 3d.at 436–42. Although In re. Pharm. Benefit provides another example of appellate intervention, additional guidance is still needed from the Third Circuit on the specific issues presented by this appeal.

## III.    CONCLUSION

For the reasons stated above, Home Depot's Motion for Certification under 28 U.S.C. § 1292(b) is GRANTED. An appropriate Order follows.

O:\CIVIL 18\18-5305 Home Depot v Lafarge\18cv5305 Memo re Mot. for Cert. for Interlocutory Appeal.docx